UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN C. WEBER,

        Plaintiff,

                              Case No. 02-74602

vs.

                              HON. GEORGE CARAM STEEH

INFINITY BROADCASTING CORP.
et al.,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION TO IMPLEMENT NEW
TRIAL PROVISION OF FEBRUARY 7, 2006 ORDER [DOCUMENT NO. 162]

      This matter is before the court on defendants' motion to implement the new trial provision of the February 7, 2006 order. Defendants argue that plaintiff's acceptance of remittitur has been repudiated by the filing of her two motions attacking and seeking to increase the damage award and the attorney fee award. The court has reviewed defendants' motion and the relevant case law and determines that neither a response from plaintiff nor a hearing are necessary.

      On February 7, 2006, the court issued an order remitting the jury's damage award to $1,225,240.00, and awarding costs and attorney fees in the amount of $423,807.11. The order made the remittitur conditional, giving plaintiff the option of accepting the remitted damage amount or receiving a new trial. On February 20, 2006, plaintiff filed an acceptance of remittitur. On February 27, 2006, the court entered a Second Amended Judgment for $1,225,240.00 in damages and $423,807.11 in costs and attorney fees.

On March 8, 2006, plaintiff filed a Second Supplemental Motion for Costs and Attorneys Fees, and on March 13, 2006, plaintiff filed a motion seeking to set aside the remittitur as it related to past and future economic damages.  The court denied plaintiff's motion to set aside the remittitur, finding that such a motion could only have been brought before the remittitur was accepted.  The court has not yet ruled on the supplemental motion for costs and fees.

When the court issued its conditional remittitur, it gave plaintiff the option of choosing between the judgment as remitted and a new trial.  Plaintiff made her choice and an amended judgment was entered.  While an attack by plaintiff on the amended judgment might be in vain, it does not act to repudiate plaintiff's original choice.  When the court made the offer of conditional remittitur and plaintiff accepted, there was a meeting of the minds.  Plaintiff's post-acceptance motions have no effect on the judgment that resulted from plaintiff's choice of accepting remittitur.

It is clear that a plaintiff cannot appeal a remittitur she has accepted, even if such remittitur was accepted under protest.  Donovan v. Penn Shipping Co., Inc., 429 U.S. 648, 649-50 (1977).  If such an improper appeal is taken, the appellate court reaffirms the judgment of the trial court, but does not find that the appeal is a repudiation of the original acceptance of remittitur.  See id.

Defendants' motion to set new trial due to plaintiff's alleged repudiation of the acceptance of remittitur is DENIED.

So ordered.

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated: March 29, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 29, 2006, by electronic and/or ordinary mail.

                                        s/Josephine Chaffee
                                        Secretary/Deputy Clerk